Matter of Tanya N.C. v Bryant P. (2024 NY Slip Op 01991)

Matter of Tanya N.C. v Bryant P.

2024 NY Slip Op 01991

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Oing, J.P., Friedman, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Docket No. F29108/22 Appeal No. 2012 Case No. 2023-03393 

[*1]In the Matter of Tanya N.C., et al., Petitioners-Respondents,
v
Bryant P., Sr., Respondent-Appellant.

Steven P. Forbes, Huntington, for appellant.

Order, Family Court, Bronx County (Jessica I. Bourbon, J.), entered on or about May 30, 2023, which denied respondent father's objections to the findings of fact and order, same court (Ann Marie Loughlin, Support Magistrate), entered on or about March 28, 2023, after a hearing, finding that the father willfully violated a child support order and directing that a money judgment be entered against him, unanimously affirmed, without costs.
The father's willful nonpayment of child support was established prima facie through evidence from the Support Collections Unit showing that he was in arrears on his child support payments (see Powers v Powers, 86 NY2d 63, 69 [1995]). The father's admitted failure to pay support as ordered further constituted prima facie evidence of a willful violation and shifted the burden to him of going forward with credible evidence to rebut that finding (id. at 69; Matter of Maria T. v Kwame A., 35 AD3d 239, 240 [1st Dept 2006]), which he failed to do. Even if the father declined to be vaccinated against COVID-19 because of his religion, his choice to forgo his employment at Montefiore Hospital, rather than consent to vaccination, constituted a willful violation of the support order (see id. at 240; see also Matter of Parks [Commissioner of Labor], 219 AD3d 1099, 1102 [3d Dept 2023]). Further, that the regulation imposing the vaccine mandate was later repealed is immaterial, as the regulation was in place during the relevant time period and has not been found to be unconstitutional.
Nor is there any basis for disturbing the finding that the father failed to show that he made reasonable efforts to obtain gainful employment. The evidence showed that he searched online only for positions that required him to be vaccinated, which presented the same impediment to employment as his position at Montefiore (Matter of Maria T., 35 AD3d at 240).
We have considered the father's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024